FILED

NOV 30 2016

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN E. RILEY,<br><br>      Plaintiff,<br><br>v.<br><br>M. STAINER,<br><br>      Defendant. | Case No.: 15-2938 DMS (KSC)<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE PETITION FOR WRIT OF HABEAS CORPUS** |

On December 28, 2015, Steven E. Riley ("Petitioner"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. [Doc. No. 1.] The Petitioner challenges a decision of the California Department of Corrections and Rehabilitation (CDCR) finding him guilty of violating prison rules for refusing to submit a urine analysis sample for drug testing on the grounds that the decision violates his First Amendment right to religious freedom, his Fifth Amendment due process rights, the Fourth Amendment's prohibition against a warrantless search and seizure, and the Sixth, Eight, and Fourteenth Amendments. [Doc. No. 1, at Grounds 1-3.] He also challenges the CDCR's department-wide drug testing policy on the grounds that it violates "federal law" and the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. [Doc. No. 1, at Ground 4.]

This Court has reviewed the Petition and exhibits [Doc. No. 1]; respondent's Answer and supporting Memorandum of Points and Authorities [Doc. No. 9]; the Lodgments submitted by respondent [Doc. No. 10]; and petitioner's Traverse and exhibits [Doc. No. 11]. For the reasons outlined below, **IT IS HEREBY RECOMMENDED** that the District Court **DENY** the Petition in its entirety without prejudice to petitioner to file his claims in a new and separate civil rights complaint pursuant to 42 U.S.C. § 1983. In addition, **IT IS RECOMMENDED** that the District Court **DENY** petitioner's perfunctory request for an evidentiary hearing.

## *PROCEDURAL HISTORY*

Petitioner, Steven E. Riley, is in the custody of respondent based upon a judgment in Los Angeles County, Case No. X932422, where a jury convicted him of one count of first-degree murder (Cal. Penal Code § 187) in 1982. [Doc. No. 10-1, at p. 1.] Petitioner was sentenced to an indeterminate term of 25 years to life. *Id*. Petitioner also pleaded guilty on November 23, 1982 in Case No. A378139, to one count of possession of marijuana in jail (Cal. Penal Code § 4573.6). [Doc. No. 10-2.] On January 31, 1982, petitioner was sentenced to a concurrent two-year term for possession of marijuana in jail. [Doc. No. 10-2.]

On October 21, 2014, while incarcerated at Calipatria State Prison for these offenses, petitioner received a Rules Violation Report for refusing to submit to a urinalysis for drug testing in violation of Cal. Code. Regs., tit. 15 § 3290, subdivision (d). [Doc. No. 10-4, pp. 11-22.] After a disciplinary hearing on November 8, 2014, the hearing officer found petitioner guilty and imposed a forfeiture of thirty days of conduct credits and other penalties. [*Id*. at p. 21.] The other penalties included (1) a 10-day yard privilege loss; (3) a 30-day phone privilege loss; (4) a 90-day visitation privilege loss; (5) a 90-day contact visitation privilege loss; and (6) one year of mandatory drug testing. [*Id*.] In addition, the Senior Hearing Officer (SHO) also recommended that petitioner attend NA/AA classes. [*Id*.] Petitioner unsuccessfully challenged the disciplinary decision by filing administrative appeals within the prison system. [Doc. No. 10-4, pp. 11-12.]

On, June 8, 2015, petitioner filed a petition for writ of habeus corpus in the Superior Court of Imperial County. [Doc. No. 10-4.]. Petitioner argued that he was not required to provide a urine sample during the Random Drug Testing for Facility C in the Facility C Medical Clinic on October 21, 2014. [Doc. No. 10-4, pp. 4-7.] Petitioner contended that he "refuse[d] [to provide a urine sample] on religious ground(s)" and for "private liberty concern(s)." [Doc. No. 10-4, pp. 5, 6.] In a two-page order filed on June 24, 2015, the Superior Court of California denied petitioner's claims and found that "Petitioner within his petition acknowledge[d] that he refused, as opposed to being unable, to produce the urine sample, hence admit[ting] the violation." [Doc. No. 10-5, p. 2.] The Court denied the petition noting that it "declin[ed] to interfere with the efforts of the California Department of Corrections and Rehabilitation to use what is clearly a reasonable measure in its effort to control the introduction and distribution of controlled substances into the system, by curbing demand for such substances." [*Id.*]

The California Court of Appeal rejected petitioner's claims and affirmed the judgment on July 16, 2015. [Doc. No. 10-7.] In a two-page decision, the Court of Appeal found that petitioner's "constitutional claims have no merit." [*Id.*, p. 2] The Court of Appeal reasoned that "[t]he random drug testing program and the participation in the substance abuse rehabilitative programs challenged by Riley are reasonably related to the legitimate penological interests in keeping alcohol and controlled substances out of the prisons and rehabilitating those inmates who abuse them." [*Id.*] On August 17, 2015, petitioner filed a Petition for Writ of Habeas Corpus in the California Supreme Court. [Doc. No. 10-8.] This Petition raises the same issues as those included in the instant federal Petition for Writ of Habeas Corpus. [Doc. No. 10-8, pp. 1-8.; Doc. No. 1, pp. 1-12.] The California Supreme Court summarily denied the Petition on November 10, 2015. [Doc. No. 10-9.] The original Petition in this case was then filed on December 28, 2015. [Doc. No. 1.] On February 26, 2016, the Board of Parole Hearings held a suitability determination hearing for petitioner and found that petitioner was "not suitable for parole" on that day. [Doc. No. 10-3, pp. 4, 13.]

## *FACTUAL BACKGROUND*

In reviewing a federal Petition for Writ of Habeas Corpus, this Court gives deference to the state court findings of fact and presumes them to be correct. Petitioner may rebut this presumption of correctness, but only by clear and convincing evidence. 28 U.S.C. 2254(e)(1); *see also Parke v. Raley*, 506 U.S. 20, 35-36 (1992). This Court has conducted an independent review of the trial record and confirmed that the Court of Appeals' factual findings comport with the record. The following facts are taken from the California Court of Appeals' decision [Doc. No. 10-7] denying petitioner's direct appeal in Case No. DO68436:

> Steven Riley was sentenced to prison in 1982 for 25 years to life after a jury found him guilty of first degree murder. While imprisoned in Imperial County, [on October 21, 2014] Riley was issued a rules violation report [by Correctional Officer Witte] for refusing to provide a urine sample for random drug testing. After a disciplinary hearing, the hearing officer found Riley guilty and imposed a forfeiture of 30 days of conduct credits and other penalties.[1] Riley unsuccessfully challenged the disciplinary decision by filing administrative appeals within the prison system and then filing a petition for writ of habeus corpus in the superior court.
>
> Riley renews his challenge to the disciplinary decision in this court. He contends that 'the state may not force [him] to provide a [urine sample] without [a] warrant,' and that his 'rel[i]gious belief(s)' and 'privacy concerns are paramount.' Riley further contends that prison officials are violating his due process rights, invading his privacy, infringing on his religious freedom, and imposing 'cruel punishment' by undertaking 'mass collection of urine allowing stem cell research with inmate[s'] urine,' documenting and performing urine tests improperly, and requiring him to participate in substantive abuse rehabilitative programs.

*Id.*

---

[1] The other penalties included (1) a 10-day yard privilege loss; (3) a 30-day phone privilege loss; (4) a 90-day visitation privilege loss; (5) a 90-day contact visitation privilege loss; and (6) one year of mandatory drug testing. [Doc. No. 10-4, p. 21.] In addition, the Senior Hearing Officer (SHO) also recommended that petitioner attend NA/AA classes. [*Id.*]

## *STANDARD OF REVIEW*

Federal habeas corpus relief is available only to those who are in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). "A federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984). "[A] mere error of state law is not a denial of due process." *Engle v. Isaac*, 456 U.S. 107, 121 n.21 (1982) (internal quotations omitted).

This petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lindh v. Murphy*, 521 U.S. 320, 327 (1997). AEDPA imposes a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (internal citations and quotations omitted). Under AEDPA, a habeas petition "on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)&(2). For purposes of § 2254(d)(1), "clearly established Federal law" means "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Therefore, a lack of controlling Supreme Court precedent can preclude habeas corpus relief. *Wright v. Van Patten*, 552 U.S. 120, 126 (2008).

The AEDPA standard is highly deferential and "difficult to meet." *Harrington v. Richter*, 562 U.S. 86, 100 (2011). For mixed questions of fact and law, federal habeas relief may be granted under the "contrary to" clause of section 2254 if the state court applied a rule different from the governing law set forth in Supreme Court cases, or if it decided a case differently than the Supreme Court on a set of materially indistinguishable facts. *Bell*

*v. Cone*, 535 U.S. 685, 694 (2002). The focus of inquiry under the "contrary to" clause is "whether the state court's application of clearly established federal law is objectively unreasonable." *Id.* "[A]n unreasonable application is different from an incorrect one." *Id.* In other words, federal habeas relief cannot be granted simply because a reviewing court concludes based on its own independent judgment that the state court decision is erroneous or incorrect. *Id.* Habeas relief is only available under § 2254(d)(1) "where there is no possibility fairminded jurists could disagree that the state court's decision conflicts" with Supreme Court precedents. *Harrington*, 562 U.S. at 101.

Where there is no reasoned decision from the state's highest court, a federal court "looks through" to the "last reasoned state-court opinion" and presumes it provides the basis for the higher court's denial of a claim or claims. *Ylst v. Nunnemaker*, 501 U.S. 797, 805-806 (1991). If the state court does not provide a reason for its decision, the federal court must conduct an independent review of the record to determine whether the state court's decision is objectively unreasonable. *Crittenden v. Ayers*, 624 F.3d 943, 947 (9th Cir. 2010). To be objectively reasonable, a state court's decision need not specifically cite Supreme Court precedent. "[S]o long as neither the reasoning nor the result of the state-court decision contradicts [Supreme Court precedent]," the state court's decision will not be "contrary to clearly established Federal law." *Early v. Packer*, 537 U.S. 3, 8 (2002).

Here, the California Supreme Court denied petitioner's habeas petition without comment. Therefore the California Court of Appeal's written opinion of July 16, 2015 constitutes the "last reasoned state-court opinion" in the record. This Court will look to the Court of Appeal's decision when evaluating each of the petitioner's claims under AEDPA's standards.

### HABEAS CORPUS JURISDICTION

As an initial matter, this Court must determine whether the petitioner's claims invoke habeas jurisdiction. Respondent asserts that "habeas corpus jurisdiction is lacking because [the] petition does not attack the legality or duration of [petitioner's] confinement." [Doc. No. 9-1, at 8 (citing *Hill v. McDonough*, 547 U.S. 574, 579 (2006)).]

"The Supreme Court has recognized that '[f]ederal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871 . . . 42 U.S.C. § 1983.'" *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam)), *petition for cert. docketed*, No. 16-6556 (U.S. Oct. 25, 2016). "'Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action.'" *Id.* (internal citations omitted).

In *Nettles*, the petitioner filed a habeas petition in federal court seeking, among other things, "restoration of good time" in connection with a loss of thirty days of post-conviction credits as a result of a disciplinary decision. *Id.* at 927. Petitioner argued "that the disciplinary decision impacted the duration of his confinement because it delayed his parole hearing and constituted grounds for future denial of parole." *Id.* The court found that "because success on [petitioner's] claims would not necessarily lead to his immediate or earlier release from confinement, [petitioner's] claim does not fall within the core of habeas corpus, and he must instead bring his claim under 1983." *Id.* at 935 (internal citation omitted). The court reasoned that because the parole board has the authority to deny parole based on any of the information presented to it, the presence of a disciplinary infraction does not compel the denial of parole, nor does an absence of the infraction compel grant of parole. *Id.*

Pursuant to Title 15 section 2281 of the California Code of Regulations, the California Board of Parole Hearings (the Board), shall conduct suitability hearings in order to determine whether a prisoner shall be released on parole. Cal. Code Regs. tit. 15 § 2281(a). In making a suitability determination, the Board shall consider *all* relevant, reliable information available to them. Cal. Code Regs. tit. 15 § 2281(b). (emphasis added). "A rules violation is merely one of the factors shedding light on whether a prisoner constitutes a current threat to public safety." *Nettles*, 830 F.3d at 935 (internal quotations and citations omitted).

1    Here, petitioner's claims do not implicate the fact or duration of his confinement and success on petitioner's claim would not necessarily result in the shortening of his sentence. Petitioner is serving an indeterminate term of 25 years to life with the possibility of parole. As of September 4, 2000, petitioner became eligible for parole and has been receiving Life Term Parole Consideration Hearings since that date. [Doc. No. 10-3, at 2.] Petitioner will continue to be eligible for parole consideration and may be released once he is found suitable, notwithstanding his October 21, 2014 Rules Violation Report.

Petitioner's most recent suitability determination hearing was held on February 26, 2016, when the Board found that petitioner "continue[d] to pose an unreasonable risk of danger to society or a threat to public safety, and [was] therefore not suitable for parole [on that day]." [Doc. No. 10-3, pp. 4, 13.] In making the determination the Board looked at a variety of factors, including "the fact that [petitioner] ha[d] engaged in serious misconduct while in prison." [Doc. No. 10-3, p. 8.] The Board considered, among other things, letters from the petitioner's siblings, the age at which petitioner committed the crime, the "atrocious" manner in which the crime was committed, petitioner's history of substance abuse in connection with his refusal to submit to anti-narcotics testing, and petitioner's failure to show adequate signs of remorse. [Doc. No. 10-3, pp. 14, 4, 7, 12, 11.] While the Board noted that petitioner had been issued forty-eight rules violation reports, eight of which were for refusing to take his anti-narcotic testing, the Board gave no indication that petitioner's violation reports were a determinative factor in the Board's decision to deny parole. [Doc. No. 10-3, pp. 8-9.]

Under applicable law and the circumstances of petitioner's case, the Board could deny parole to petitioner even if he succeeded in expunging the rules violation report at issue for refusing to take the mandatory anti-narcotics test. *Nettles*, 830 F.3d at 935 (internal quotation and citation omitted). Furthermore, since the decision to grant an earlier release date on the basis of new information is placed in the discretion of the Board, success on petitioner's claim would not even necessarily lead to an earlier parole hearing. *See* Cal. Penal Code § 3041.5(d)(1). Because success on petitioner's claims would not necessarily

lead to his immediate or earlier release from confinement, petitioner's claims do not fall within the core of habeas corpus; if petitioner so chooses, he may file a new and separate complaint asserting his claims under § 1983.[2]

Accordingly, the Court **RECOMMENDS** that the District Court **DENY** the Petition in its entirety without prejudice to petitioner to file his claims in a new and separate civil rights complaint pursuant to 42 U.S.C. § 1983. The Court further **RECOMMENDS** that the Clerk of Court shall send Petitioner a blank civil rights complaint form along with a copy of this Order.

### Request for an Evidentiary Hearing

Petitioner's Traverse in Paragraph 11 states "that this court has the authority and jurisdiction to order an evidentiary hearing in this matter." [Doc. No. 11, p. 2.] Petitioner does not explain the reason for his request in his Traverse or in his Petition.

AEDPA "substantially restricts the district court's discretion to grant an evidentiary hearing." *Baja v. Ducharme*, 187 F.3d 1075, 1077 (9th Cir. 1999). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could

---

[2] In an appropriate case, a habeas petition may be construed as a § 1983 complaint. *Nettles*, 830 F.3d at 935-36. To be converted to a § 1983 action, the petition must be amenable to conversion "on its face," including naming the correct defendant(s) and seeking the correct relief. 830 F.3d at 936. In this case, it is unclear who the Petitioner seeks to hold personally liable for the alleged denial of his federal constitutional and due process rights.
There are also several significant differences between proceeding in habeas corpus as compared to proceeding in a civil rights action. If Petitioner chooses to file a new and separate action under 42 U.S.C. § 1983, he will be required to pay a filing fee of $400, even if he proceeds *in forma pauperis* under 28 U.S.C. § 1915. Petitioner would also be obligated to pay the $400 filing fee if the Court construes the instant habeas petition as a civil rights action. If Petitioner proceeds with a 42 U.S.C. § 1983 action, it will also be subject to the Prison Litigation Reform Act ("PLRA"), which does not apply to habeas petitions. If Petitioner is unable to state a non-frivolous claim, the action will be dismissed, and he will suffer a "strike," as that term is defined under the PLRA. 28 U.S.C. § 1915(g). If Petitioner suffers three strikes, he will not be permitted to proceed *in forma pauperis* in future actions in most circumstances. As the plaintiff will want to consider these ramifications, the Court **RECOMMENDS** that the District **DENY** the Petition in its entirety without prejudice to Petitioner to file his claims in a new and separate civil rights complaint pursuant to 42 U.S.C. § 1983.

enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief. Because the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate. [¶] It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. at 474.

Here, for the reasons explained, *supra*, the petitioner's claims do not even invoke habeas jurisdiction. Accordingly, no evidentiary hearing is necessary. For these reasons, it is **RECOMMENDED** that the District Court **DENY** petitioner's perfunctory request for an evidentiary hearing.

### ***CONCLUSION AND RECOMMENDATION***

This Report and Recommendation is submitted to the assigned United States District Judge pursuant to Title 28, United States Code, Section 636(b), and Civil Local Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California.

Based on the parties' moving and opposing papers and exhibits, **IT IS HEREBY RECOMMENDED** that the District Court issue an order: (1) approving and adopting this Report and Recommendation; and (2) directing that judgment be entered **DENYING** the Petition in its entirety without prejudice to petitioner to file his claims in a new and separate civil rights complaint pursuant to 42 U.S.C. § 1983. In addition, **IT IS RECOMMENDED** that the District Court **DENY** petitioner's perfunctory request for an evidentiary hearing. The Court further **RECOMMENDS** that the Clerk of Court shall send Petitioner a blank civil rights complaint form along with a copy of this Order.

**IT IS HEREBY ORDERED** that ***no later than January 30, 2017*** any party to this action may file and serve written objections to this Report and Recommendation. The document should be captioned "Objection to Report and Recommendation".

**IT IS FURTHER ORDERED** that any reply to the objection shall be filed and served ***no later than February 17, 2017***. The parties are advised that failure to file objections with the specified time may waive the right to raise those objections on appear of this Court order. *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated: November 30, 2016

Hon. Karen S. Crawford
United States Magistrate Judge

11

15-2938 DMS (KSC)